UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEIGE WIEDER, et al.,

                                        :      ORDER

                Plaintiffs,               24 Civ. 8495 (DEH) (GWG)

     -against-

ADVANCED BIONICS LLC,

               Defendant.
------------------------------------------------------------X

       This Order addresses defendant's requests in Docket # 18 as responded to in Docket # 19.

<u>Reassignment to White Plains</u>

       With respect to the request to have this case reassigned to the White Plains Courthouse, the plaintiff permissibly designated the Manhattan courthouse to hear this case since the claim did not arise "in whole or major part" in one of the Northern Counties. <u>See</u> Rule 18(a)(3)(A) of the Rules for the Division of Business Among District Judges. While the Rules permitted plaintiff to designate White Plains, they did not require plaintiff to do so. <u>See</u> Rule 18(a)(3)(B). As a result, Rule 19 does not permit a reassignment to another courthouse since Rule 19 permits a reassignment only "under these Rules" and the Rules do not require any particular courthouse to be designated.

       As for the request to reassign pursuant to 28 U.S.C. § 1404(c), it is not clear what standards should govern any such request. While defendant cites to a case that applied the § 1404(a) standard, the only authority referred to in that case did not involve a within-division transfer.

       In any event, even applying the factors applicable to § 1404(a), <u>see</u>, <u>e.g.</u>, <u>Pence v. Gee Group, Inc.</u>, 236 F. Supp. 3d 843, 850 (S.D.N.Y. 2017), reassignment of the case to a judge in White Plains is not warranted. The plaintiffs chose the Manhattan forum, as they were permitted to do, and that choice is entitled to some deference. The location of documents is of little moment in an age of electronic documents. The difference between the White Plains Courthouse and the Manhattan courthouse is minimal and thus cannot strongly favor the convenience of the parties or the witnesses even if many are likely closer to the White Plains courthouse. The close proximity also dictates that the relative means of the parties is a non-issue. Finally, there is no difference between the courthouses in terms of the availability of process to compel the attendance of unwilling witnesses.

       Accordingly, the motion to reassign this case to a judge in White Plains is denied.

<u>Motion to Dismiss</u>

  It appears that plaintiffs potentially seek to file an amended complaint. The defendant has made clear what its arguments are with respect to the alleged infirmities in the complaint and it would be far better for plaintiffs to file such an amended complaint now rather than seek leave to amend in the course of briefing the motion to dismiss. Accordingly, plaintiffs shall file any amended complaint on or before February 25, 2025. Any motion to dismiss shall be filed by March 18, 2025. The schedule for briefing thereafter shall be in accordance with paragraph 2.B of the Court's Individual Practices.

  SO ORDERED.

Dated: February 11, 2025

  New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge