# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center
On Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Vincent Lodato
Of Counsel
Direct Dial: 973-643-5891
Email: vlodato@sillscummis.com**

June 26, 2026

<u>**VIA ECF**</u>

MEMORANDUM ENDORSED

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

       Re:    *Feige Wieder, et al. v. Advanced Bionics LLC*
               No. 1:24-cv-08495 (DEH) (GWG)

Dear Magistrate Judge Gorenstein:

Our firm, along with Wheeler Trigg O'Donnell LLP, represents Defendant Advanced Bionics LLC ("AB") in this matter. Pursuant to Your Honor's directives during the June 16, 2026 conference in this matter, please accept this uncontested letter motion requesting that the Court seal those portions of Plaintiffs' application for an infant compromise order ("ICO") that contain the amount of the parties' settlement, which the parties have agreed to keep confidential.

**<u>Relevant Facts</u>**

This case involves an infant plaintiff who allegedly sustained personal injuries from a cochlear implant manufactured by AB. On behalf of their infant child, Plaintiffs asserted a negligence claim against AB. On May 20, 2026, the parties reached a settlement in order to avoid continued litigation. A material term of the parties' settlement is that the settlement remain confidential. The parties' settlement agreement, which is still being negotiated regarding payment structure, contains a confidentiality provision that precludes the parties from publicly disclosing the settlement amount. From AB's perspective, keeping the settlement amount confidential is essential to help prevent copycat litigation and to protect what AB considers to be proprietary information. *See* D. Sorensen Dec., ¶ 11.

## Sills Cummis & Gross
A Professional Corporation

Hon. Gabriel W. Gorenstein, U.S.M.J.
June 26, 2026
Page 2

Pursuant to SDNY Local Rule 83.2, Plaintiffs have filed an ICO application which includes the parties' proposed settlement agreement, supporting declarations and a proposed ICO that contain the settlement amount. AB submits this Letter Motion seeking an Order: (1) sealing the unredacted versions of Plaintiffs' ICO application that reveal the settlement amount, including the proposed settlement agreement, the supporting declarations of Scott Seskin, Esq., Feige Weider and Joel Weider, letter brief, and the proposed ICO; (2) permitting Plaintiffs to redact the settlement amount from the publicly filed versions of their ICO application; and (3) sealing the unredacted version of the ICO in the event that the Court grants Plaintiffs' ICO application.

**<u>Legal Standard</u>**

Although there is a strong presumption of public access to court records, that presumption is not absolute. In *Lugosch v. Pyramid Co. of Onondonga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit established the three-factor standard for determining when court records may be sealed from public access. First, the court must determine if the documents at issue are "judicial documents" to which the presumption of public access applies. *Id.* at 119. Second, the Court must determine the weight of the presumption by considering the role and value of the documents as it relates to the court's exercise of its judicial powers. *Id.* Lastly, the court must balance the weight of the presumption against competing considerations, such as the parties' privacy interests. *Id.* at 120.

Here, AB does not dispute that the documents submitted in support of Plaintiffs' ICO application are judicial documents to which the presumption of public access applies. AB also does not dispute that the presumption of public access to Plaintiffs' ICO application should be afforded great weight because the Court is required to consider and evaluate them in order to determine whether to approve the parties' settlement pursuant to SDNY Local Rule 83.2.

The third factor, however, weighs in favor of sealing the unredacted versions of Plaintiffs' ICO application that identify the settlement amount. Although not a controlling consideration, the parties have agreed that maintaining the confidentiality of the settlement amount is a material term of the parties' settlement. That confidentiality provision benefits both parties. Plaintiffs have a privacy interest in their financial information. *See Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, No. 5:17-cv-00052, 2021 U.S. Dist. LEXIS 101265, at *11 (N.D.N.Y. May 28, 2021) (sealing the settlement amount from Plaintiffs' ICO application to protect plaintiffs' private financial information). And AB has an interest in protecting its own proprietary financial information in a competitive market as well as an interest in avoiding copycat litigation. These are legitimate privacy interests that outweigh the presumption of publicity of a settlement; although a settlement might be subject to public disclosure, the actual terms of the settlement are not. *See cf. Savarese v. Cirrus Design Corp.*, No. 09-cv-1911, 2010 WL 815027, at *1 (S.D.N.Y. Mar. 9, 2010) (finding there was sufficient showing to seal settlement amount). Lastly, AB's motion is narrowly tailored as it only seeks to seal the settlement amount contained in Plaintiffs' ICO application. Courts in this district routinely grant applications to seal portions of ICO applications

## Sills Cummis & Gross
A Professional Corporation

Hon. Gabriel W. Gorenstein, U.S.M.J.
June 26, 2026
Page 3

when the request is limited to the settlement amount that the parties have agreed to keep confidential in order to protect the parties' privacy interests. *See Flores v. City of New York*, No. 1:21-cv-05861, 2025 WL 2998058, at *2-3 (S.D.N.Y. Sep. 5, 2025) (granting application to seal settlement amount from plaintiffs' ICO application because privacy interests outweighed public access and it was narrowly tailored); *see also Rodriguez v. Fordham Bedford Hous. Co.*, No. 1:22-cv-6974, 2023 U.S. Dist. LEXIS 204604, at *2 (S.D.N.Y. Nov. 14, 2023) (same); *Savarese*, 2010 U.S. Dist. LEXIS 21690, at *2 (same).

### Conclusion

For these reasons, AB respectfully requests that the Court grant its motion to seal and enter an order: (1) sealing the unredacted versions of Plaintiffs' ICO application that reveal the settlement amount; (2) permitting Plaintiffs to redact the settlement amount from the publicly filed versions of their ICO application; and (3) sealing the unredacted version of the ICO if the Court grants Plaintiffs' ICO application.

Respectfully submitted,

*s/ Vincent Lodato*

VINCENT LODATO

cc:   All counsel of record (via ECF)
      Hon. Dale E. Ho, U.S.D.J. (via ECF)

The application to seal is granted.  On or before July 7, 2026, defendant shall publicly file each of the documents filed as part of Docket # 52 with only the amount of the settlement redacted.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 29, 2026