IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FEIGE WIEDER, and JOEL WIEDER, as
Parents and Natural Guardians of L.W., an                  Civil Docket No.:
Infant Under the Age of 18 years, and FEIGE                1:24-cv-08495
WIEDER and JOEL WIEDER, Individually,

                                       **SEALED INFANT**
                    Plaintiff,          **<u>COMPROMISE ORDER</u>**

        -against-

ADVANCED BIONICS LLC,

                    Defendant.
----------------------------------------------------------------X

        Pursuant to S.D.N.Y. Local Civil Rule 83.2(a)(1), the Court has considered the application of plaintiffs JOEL WIEDER and FEIGE WIEDER, parents and natural guardians of the infant L.W., who was born on ███████████, and is now 8 years of age, as set forth in Docket # 52 and subsequent filings, to approve a proposed settlement with ADVANCED BIONICS LLC, self insured, as set forth in Docket # 52-4. The Court has found that the best interest of the infant plaintiff will be served by approving the settlement as long as defendant files an executed rider to the settlement agreement that clarifies that the plaintiffs do not release claims against entities currently unrelated to defendant in relation to the Replacement Implant as described in the Settlement Agreement. Accordingly, NOW, on the motion of SCOTT H. SESKIN, ESQ., attorney for the plaintiffs, it is hereby

        ORDERED, that JOEL WIEDER and FEIGE WEIDER, as parents and natural guardians of the infant plaintiff, L.W., be and are hereby authorized to enter into a compromise and settlement of the within action for future periodic payments and up-front cash at a cost in the total sum of ████████████████████████████████████████, to be received from ADVANCED BIONICS, LLC, and to deliver and execute releases and any and

all of the papers necessary to effectuate the settlement herein, in compliance with the terms and conditions of this Order; and it is further

ORDERED, that out of the total settlement sum of ███████████ ████████████████████████████ to be paid, the defendant is hereby directed to pay the total sum of ████████████████████ ████████ to the order of SESKIN & SESKIN, as and for their fee, and the sum of ████ ████████████████████████ ██████, as and for their disbursements, for the total sum of ████████████ ████████████████████████████ ██████, and it is further

ORDERED, that out of the balance, to wit, the sum of ████████████ ████████████████████████████ ██████████████ be paid the sum of ████████████ ████████████████████████ to NEW YORK STATE DEPARTMENT OF HEALTH, as and for the final Medicaid lien owed on behalf infant plaintiff L.W., and it is further

ORDERED, that the remaining sum in the amount of ████████████ ████████████████████████████ ████████████ be paid as follows:

The sum of ██████████████████████████████ ████████████████████████████████ shall be paid by the defendant to fund the purchase of an annuity issued by THE PRUDENTIAL INSURANCE COMPANY OF

AMERICA, for the benefit of L.W., payable to L.W., and guaranteed as follows (See Settlement Proposal Attached Hereto):

a)  lump sum payable to L.W., on ███████████ (age 18); and

b) ██████████ lump sum payable to L.W., on ███████████ (age 25),

with a total guaranteed payout of ████████, and it is further

ORDERED, that the obligation of the defendant as set forth above may be met by assigning to and arranging for an assumption by Prudential Assigned Settlement Services Corporation ("Assignee") of the defendant's obligation to make the future periodic payments set forth above, pursuant to Internal Revenue Code §130(c), and that Prudential Assigned Settlement Services Corporation may fund the obligation assumed by the purchase of an annuity from The Prudential Insurance Company of America, an A.M. Best Company rated A+ insurer licensed to do business in the State of New York, which shall be owned by Prudential Assigned Settlement Services Corporation pursuant to Internal Revenue Code §130(d). L.W. shall have a security interest in the annuity. The Prudential Insurance Company of America shall guarantee the performance of Prudential Assigned Settlement Services Corporation; and it is further

ORDERED, that the defendant shall promptly fund the periodic payment obligation by issuing a check, draft or wire transfer made payable to or wired to Prudential Assigned Settlement Services Corporation in the sum of ████████████████████ ████████████████████████████████████████████. If payment is made by check or draft, said check or draft shall be delivered to Arcadia Settlements Group, one of the structured settlement brokers placing the case; and it is further

ORDERED, that no part of the sum being paid by the defendant to provide future periodic payments as set forth in this Order may be paid directly to plaintiffs, this Court having determined that a structured settlement is in the best interest of the infant plaintiff and that said periodic payments constitute damages on account of physical injury or physical sickness in a case involving physical injury or physical sickness within the meaning of §104(a)(2) and §130(c) of the Internal Revenue Code of 1986, as amended; and it is further

ORDERED, that upon making and receipt of all of the payments above directed in compliance with this Order, as well as the assignment to Prudential Assigned Settlement Services Corporation, as set forth above, the defendant shall then be discharged from any and all responsibility as to the causes of action set forth in this action; and it is further

ORDERED, that the parents and natural guardians herein are hereby authorized and directed to execute such releases and any other instruments and ancillary documents required to effectuate the terms of this settlement; and it is further

ORDERED, that the effectiveness of this Order is conditioned upon the defendant filing within 7 days of the date of this Order an executed rider to the settlement agreement that clarifies that the plaintiffs do not release claims against entities currently unrelated to defendant in relation to the Replacement Implant as described in the Settlement Agreement

ORDERED, that the making and filing of a bond be and hereby is dispensed with.

SO ORDERED this 2nd day of July 2026,

_____
HON. GABRIEL W. GORENSTEIN, U.S.M.J.