UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

FEIGE WIEDER et al.,

Plaintiffs,

-v.-

ADVANCED BIONICS LLC

Defendant.

---------------------------------------------------------------X

MEMORANDUM OPINION

24 Civ. 8495 (DEH) (GWG)

GABRIEL W. GORENSTEIN, United States Magistrate Judge

Plaintiffs Feige Wieder and Joel Wieder, as parents of the infant L.W., filed this diversity action against defendant Advanced Bionics LLC, bringing state-law claims relating to an allegedly defective cochlear implant manufactured by defendant that L.W. received in 2018. These consisted of manufacturing and design defect claims (Counts I, II), claims for breach of the implied warranty of merchantability (Count III), violations of §§349-50 of the New York General Business Law (Count IV), fraud (Count V), negligent failure to warn (Count VI), negligence (Counts VII, VIII), and loss of services (Count IX). See Docket # 21. Defendant secured dismissal all of these claims, with the exception of Counts VII and VIII, relating to testing done by defendant's representatives after the cochlear implant was already implanted in L.W., and Claim IX, for medical and other expenses. See Wieder v. Advanced Bionics LLC, 2026 WL 880370 (S.D.N.Y. Mar. 31, 2026), adopting, 2025 WL 3237257 (S.D.N.Y. Nov. 20, 2025). L.W. was less than a year old when the cochlear implant was implanted and is 8 years old today. See Docket # 47-3 ¶¶ 1, 4. In a series of filings (Docket ## 47, 52, 53, 56, 58, 59), plaintiffs sought authorization to enter into a settlement that would resolve the surviving claims in this case.[1] The Court issued an Order granting the application. See Docket # 62 (filed in unredacted form at Docket # 63). This Memorandum Order is issued to explain the reasons why the Court granted the application.

## LEGAL STANDARDS

Local Civil Rule 83.2(a)(1) provides:

> An action by or on behalf of an infant or incompetent person must not be settled or compromised . . .without leave of the court embodied in an order, judgment, or decree. The proceeding upon an application to settle or compromise such an action must conform, as much as possible, to the New York State statutes and rules, but the court, for cause shown, may dispense with any New York State requirement.

[1] Some of these filings were made under seal. Redacted versions of these filings are attached as exhibits to Docket ## 64-65.

New York Civil Practice Law & Rules ("CPLR") 1208 sets specific procedures for approving settlement or compromise of an infant's claim. The Court must receive an affidavit from a representative of the infant that provides: (1) the representative's identity, residence, and relationship to the infant; (2) the infant's name, age, and residence; (3) the circumstances giving to the infant's claim; (4) the nature and extent of the infant's injuries or damages; (5) the terms of the settlement; (6) the facts surrounding the settlement; (7) whether reimbursement of any medical or other expenses has been received; and (8) whether the representative or any members of the infant's family have also made claims, and if so, more information about those claims. See C.P.L.R. 1208(a). The Court must also receive an affidavit of the infant or representative's attorney that states: (1) the reason the attorney recommends the settlement; (2) that the attorney is acting in the infant's interests; and (3) what services the attorney has rendered. See C.P.L.R. 1208(b).

In accordance with these rules, courts applying Local Civil Rule 83.2(a)(1) focus on "whether: (1) the proposed settlement is in the infant's best interests; and (2) the proposed attorney's fees and costs are reasonable." D.J. ex rel. Roberts v. City of New York, 2012 WL 5431034, at *2 (S.D.N.Y. Oct. 16, 2012), adopted by, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012). "There is no bright-line test for concluding that a particular settlement is fair." Sch. for Language & Commc'n Dev. v. New York State Dep't of Educ., 2010 WL 1740416, at *2 (E.D.N.Y. Apr. 7, 2010), adopted by, 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010). Nonetheless, "[t]here is a strong presumption that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently." Campbell v. City of New York, 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015) (citation and internal quotation marks omitted) (alteration in original).

District courts have broad discretion to approve or disapprove the settlement or compromise of an infant's claim. See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 89 (2d Cir. 2010). In reviewing an infant compromise, "the court may hold a hearing to determine whether the terms of the settlement are fair, but may also decide the motion based on the parties' submissions without a hearing." D.H.S. by Serrano v. United States, 2020 WL 13552067, at *3 (E.D.N.Y. May 15, 2020).

DISCUSSION

The Court has carefully reviewed the relevant filings in this case and finds that all factors point to approval of the settlement. While little discovery has occurred in this case, it was established on the motion to dismiss that most of plaintiffs' main claims were not viable. The settlement amount is one that highly favorable to plaintiff in light of the narrow claims that remained available following the motion to dismiss. The settlement was plainly not collusive given the extensive adverse litigation that occurred in the form of defendant's vigorously opposed motion to dismiss. Further, plaintiff's counsel is an experienced attorney, see Docket # 59 ¶ 3, and plaintiffs, the parents of L.W., support the settlement, see Docket ## 47-3, 47-4. Plaintiffs are taking no money under the settlement. Instead, after deducting attorney's fees, costs, and a Medicaid lien, all payments are made to L.W. in the form of two annuity payments after L.W. reaches the age of 18. See Docket # 62.

The attorney's fee request of one-third the settlement amount is commensurate with

similar fees charged by attorneys for tort plaintiffs. See Docket # 52-1. Moreover, the hours expended to date would result in fees that exceed the one-third sum being sought by the attorney as part of the settlement. See id.

Given L.W.'s age, we do not believe that a hearing would provide any additional information not already in the record.

CONCLUSION

The application to approve the settlement is granted as set forth in the Order filed July 2, 2026 (Docket # 62). We note that the public version of the Order (Docket # 63) has redacted the amounts involved, as the Court has previously held that the settlement amount may be kept confidential. See Docket # 54.

The Clerk is directed to close this case.

SO ORDERED.

Dated: August 13, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge